FILED
2006 OCT 11 AM 11:23
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAEK SANG YOON, CDC #P-67861,<br><br>                      Plaintiff,<br><br>vs.<br><br>N.J. ARNETT, et al.,<br><br>                      Defendants. | Civil No.   05-1101 H (CAB)<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S MOTIONS TO PROCEED *IN FORMA PAUPERIS* [Doc. Nos. 17, 21]; AND**<br><br>**(2) DISMISSING SECOND AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)(1(1);** |

**I.**   **Procedural History**

Plaintiff, an inmate currently incarcerated at the California Rehabilitation Center located in Norco, California and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. In his original Complaint, Plaintiff alleges that he was subjected to racial discrimination by Centinela prison officials and retaliated against when he filed administrative grievances.

////

On August 3, 2006, this Court denied Plaintiff's Motion to Proceed *In Forma Pauperis* ("IFP") and sua sponte dismissed Plaintiff's Complaint for failing to state a claim upon which relief could be granted. *See* Aug. 3, 2006 Order at 6-7. Specifically, the Court found the majority of the allegations contained in Plaintiff's one hundred (100) page Complaint to be indecipherable. Plaintiff was cautioned that Rule 8(a) of the Federal Rules of Civil Procedure provided that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . ., (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." FED. R. CIV. P. 8(a). Similarly, Rule 8(e) requires that "each averment of a pleading shall be simple, concise and direct." Rule 8 is designed to provide defendants with fair notice of the claims against them and the grounds on which those claims rest. *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991); *see McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996). *See* Aug. 3, 2005 Order at 4.

Plaintiff was also informed that, to the extent that the Court liberally construed some of his claims to arise from the Fourteenth Amendment, he failed to state a § 1983 claim upon which relief could be granted. *Id.* at 5-6. The Court also dismissed Plaintiff's respondeat superior claims against Defendant Cullors. *Id.* at 4. Finally, the Court found Plaintiff's allegations that he was "mocked" by Defendants Arnette, Corriere and Schwettman to constitute, at most, verbal harassment which generally does not constitute a violation of the Eighth Amendment. *Id.* at 6.

Thus, the Court dismissed Plaintiff's Complaint in its entirety but gave him the opportunity to amend his Complaint to correct the deficiencies set forth in the Court's Order. On November 14, 2005, the Court permitted Plaintiff to file his First Amended Complaint ("FAC") which was nearly sixty days past the deadline set forth in the Court's August 3, 2005 Order. On March 6, 2006, this Court, once again, sua sponte screened Plaintiff's First Amended Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)(1) and found that Plaintiff had failed to correct the deficiencies of pleading identified in the Court's previous Order. *See* March 6, 2006 Order at 10. Plaintiff was granted thirty (30) days leave to file a Second Amended

Complaint. *Id.* However, Plaintiff sought and received several extensions of time to file a Second Amended Complaint. Plaintiff's Second Amended Complaint ("SAC") was ultimately filed on August 31, 2006 [Doc. No. 29]. The Court has screened Plaintiff's Second Amended Complaint and finds that it contains many of the same deficiencies of pleading identified in the Court's August 3, 2005 and March 6, 2006 Orders.

## II.   Motions to Proceed In Forma Pauperis [Doc. Nos. 17, 21]

Effective February 7, 2005, all parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $250.[1] *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to prepay the entire fee only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Prisoners granted leave to proceed IFP however, remain obligated to pay the entire fee in installments, regardless of whether the action is ultimately dismissed for any reason. *See* 28 U.S.C. § 1915(b)(1) & (2).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). That institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

The Court finds that Plaintiff has submitted an affidavit which complies with 28 U.S.C. § 1915(a)(1), and has attached a certified copy of his trust account statement pursuant to 28

---

[1] The initial civil filing fee was increased to $350.00 on April 9, 2006. However, since Plaintiff filed this action prior to April 9, 2006, the former civil filing fee applies.

U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. Plaintiff's trust account statement shows an average monthly balance of $41.67 and an average monthly deposit of $50.00 for the 6-month period immediately preceding the filing of his Complaint. Based upon this financial information, the Court **GRANTS** Plaintiff's Motions to Proceed IFP and assesses an initial partial filing fee of $10.00 pursuant to 28 U.S.C. § 1915(b)(1). The remaining balance shall be collected and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1) as set forth at the end of this Order.

### III.   Sua Sponte Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

As stated in the Court's previous Orders, notwithstanding payment of any filing fee or portion thereof, the Prison Litigation Reform Act ("PLRA") requires courts to review complaints filed by prisoners against officers or employees of governmental entities and dismiss those or any portion of those found frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

Prior to the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. However 28 U.S.C. §§ 1915(e)(2) and 1915A now mandate that the court reviewing a prisoner's suit make and rule on its own motion to dismiss before directing that the complaint be served by the U.S. Marshal pursuant to FED. R. CIV. P. 4(c)(2). *Id.* at 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). The district court should grant leave to amend, however, unless it determines that "the pleading could not possibly be cured by the allegation of other facts" and if it appears "at all possible that the plaintiff can correct the defect." *Lopez*, 203 F.3d at 1130-31 (citing *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1990)).

////

////

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). However, while liberal construction is "particularly important in civil rights cases," *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992), the court may nevertheless not "supply essential elements of the claim that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

As currently pleaded, it is clear that Plaintiff's Second Amended Complaint, once again, fails to state a cognizable claim under 42 U.S.C. § 1983. Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

**B.     Rule 8**

As stated above, Plaintiff's original Complaint and First Amended Complaint were both dismissed, in part, due to his failure to comply with Rule 8 of the Federal Rules of Civil Procedure. Specifically, Plaintiff's original Complaint was nearly one hundred pages and contained incomprehensible factual allegations. This Court gave Plaintiff the opportunity to correct this deficiency and he failed to do so. Plaintiff filed a First Amended Complaint that was over sixty pages long and again contained factual allegations that are incomprehensible. Plaintiff was warned to comply with Rule 8 in the Court's March 6, 2006 Order. Moreover, the Court provided Plaintiff with numerous extensions of time to file his Second Amended Complaint. Once again, Plaintiff fails to present a short and plain statement in his Second Amended Complaint, which is over fifty pages long, that allows the defendants to form a responsive pleading. *See McHenry*, 84 F.3d at 1176 (affirming dismissal of amended complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant"). The Court finds that,

1  like the amended pleading in *McHenry*, Plaintiff's Second Amended Complaint is largely full
2  of irrelevant and indecipherable allegations and thus, is subject to dismissal for failure to comply
3  with Rule 8.

        C.       **Fourteenth Amendment Equal Protection Claims**

5          With respect to Plaintiff's claims that he was discriminated against because he is Korean
6  in violation of his Fourteenth Amendment equal protection rights, these allegations mirror those
7  found to be insufficient by the Court with regard to Plaintiff's original and First Amended
8  Complaint. Plaintiff describes several incidents in which he claims Defendants discriminated
9  against him. First, Plaintiff alleges Defendant Arnett announced that he did not get 100% on a
10 spelling test. *See* SAC at 20-22. Plaintiff also alleges that Defendant Arnett often gave him the
11 wrong size pencil lead for his mechanical pencil while she gave the right size lead to Hispanic
12 inmates. *Id.* at 22. However, Plaintiff then admits that Defendant Arnett gave him the correct
13 size lead after telling him "YOU DRIVE ME CRAZY." *Id.*

14         Plaintiff also sets forth factual allegations to what he refers to as the "Chinese Dictionary
15 Matter." *Id.* at 26. While it is not very clear, it appears as though Plaintiff is claiming Defendant
16 Corriere discriminated against him when he accused Plaintiff of taking Corriere's Chinese
17 Dictionary. *Id.* Plaintiff also refers to a number of other incidents where he was not permitted
18 to bring dental material to class, he did not get a "lay-in" when he requested and he was not
19 allowed to go to the restroom on one occasion in a timely manner. *Id.* at 27-28.

20         To the extent Plaintiff suggests generally that he is being "discriminated" against or being
21 treated differently than other prisoners, the "Equal Protection Clause of the Fourteenth
22 Amendment commands that no State shall 'deny to any person within its jurisdiction the equal
23 protection of the laws,' which is essentially a direction that all persons similarly situated should
24 be treated alike." *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985);
25 *Shaw v. Reno*, 509 U.S. 630 (1993). "The guarantee of equal protection [under the Fifth
26 Amendment] is not a source of substantive rights or liberties, but rather a right to be free from
27 invidious discrimination in statutory classifications and other governmental activity." *Harris*
28 *v. McRae*, 448 U.S. 297, 322 (1980) (citations omitted). However, conclusory allegations of

discrimination are insufficient to state a claim, unless Plaintiff alleges facts which may prove invidious discriminatory intent. *Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252, 265 (1977). Therefore, to allege an equal protection violation, Plaintiff must plead facts to show that each Defendant "acted in a discriminatory manner and that the discrimination was intentional." *FDIC. v. Henderson*, 940 F.2d 465, 471 (9th Cir. 1991) (citations omitted); *Reese v. Jefferson School Dist. No. 14J*, 208 F.3d 736, 740 (9th Cir. 2000). "'Discriminatory purpose' ... implies more than intent as volition or intent as awareness of consequences. It implies that the decision maker ... selected or reaffirmed a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." *Personnel Administrator of Massachusetts v. Feeney*, 442 U.S. 256, 279 (1979). "[P]urely conclusory allegations of alleged discrimination, with no concrete, relevant particulars," are simply insufficient. *Forsberg v. Pac. Northwest Bell Tel. Co.*, 840 F.2d 1409, 1419 (9th Cir. 1988). Here, while Plaintiff alleges that he is a member of a protected class; he has failed to allege any "concrete, relevant" facts to show that he was treated differently with a "discriminatory purpose." *City of Cleburne,* 473 U.S. at 439; *Forsberg*, 840 F.3d at 1419; *Feeney*, 442 U.S. at 279. Plaintiff's allegations regarding the announcing the results of a spelling test, providing the wrong size lead for a pencil and refusing to allow Plaintiff to stay in his cell on one occasion simply are insufficient to show any alleged intentional discrimination against Plaintiff. Thus, Plaintiff's equal protection allegations fail to state a claim upon which relief can be granted. *See Lopez,* 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446.

### D.   Eighth Amendment Claims

Plaintiff claims that Defendants violated his Eighth Amendment rights when they placed him in a cell with a "black gay" inmate. *See* SAC at 36-37. Plaintiff claims that Defendants should have placed another black inmate, whom he claims was a homosexual, with this inmate. *Id.* As a result, Plaintiff alleges that he could not sleep for fear of being raped. *Id.* at 38.

////

////

The Eighth Amendment "does not mandate comfortable prisons," and conditions imposed may be "restrictive and even harsh." *Rhodes v. Chapman*, 452 U.S. 347, 349 (1982). Like failure to protect claims, Eighth Amendment humane conditions of confinement claims also require the prisoner to satisfy two requirements: one objective and one subjective. *Farmer*, 511 U.S. at 834; *Allen v. Sakai*, 48 F.3d 1082, 1087 (9th Cir. 1994). Under the objective requirement, the plaintiff must allege facts sufficient to show that "a prison official's acts or omissions must result in the denial of the 'minimal civilized measure of life's necessities.'" *Farmer*, 511 U.S. at 834 (quoting *Rhodes*, 452 U.S. at 347). This objective component is satisfied so long as the institution "furnishes sentenced prisoners with adequate food, clothing, shelter, sanitation, medical care, and personal safety." *Hoptowit*, 682 F.2d at 1246; *Farmer*, 511 U.S. at 534; *Wright v. Rushen*, 642 F.2d 1129, 1132-33 (9th Cir. 1981). The subjective requirement, relating to the defendant's state of mind, requires the plaintiff to allege facts sufficient to show "deliberate indifference." *Allen*, 48 F.3d at 1087. "Deliberate indifference" in this context also exists only if the prison official "knows of and disregards an excessive risk to inmate health and safety; the official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

Here, Plaintiff does not properly allege that any of the named Defendants knew of a serious risk to his safety. The fact that his cellmate may or may not have been a homosexual does not inherently identify him as a danger to Plaintiff's safety. As noted above, the objective component of an Eighth Amendment conditions of confinement claim is satisfied so long as the institution "furnishes [Plaintiff] with adequate food, clothing, shelter, sanitation, medical care, and personal safety." *Hoptowit*, 682 F.2d at 1246; *Farmer*, 511 U.S. at 534. The subjective requirement again requires Plaintiff to allege facts sufficient to show "deliberate indifference." *Allen*, 48 F.3d at 1087.

////

////

////

Plaintiff's First Amended Complaint includes no facts which show how or to what extent he personally has been deprived of any of "life's necessities." *Rhodes*, 352 U.S. at 357. For these reasons, Plaintiff's Eighth Amendment claims are also dismissed for failing to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See Lopez*, 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446.

### E.  Fourteenth Amendment claims

Although not entirely clear, it appears as though Plaintiff still seeks to hold the Warden, Defendant Giurbino, liable in this matter because he denied Plaintiff's administrative grievances. *See* SAC at 43. The Fourteenth Amendment to the United States Constitution provides that: "[n]o state shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV, § 1. "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Board of Regents v. Roth*, 408 U.S. 564, 569 (1972). State statutes and prison regulations may grant prisoners liberty or property interests sufficient to invoke due process protection. *Meachum v. Fano*, 427 U.S. 215, 223-27 (1976). Thus, to state a procedural due process claim, Plaintiff must allege: "(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; [and] (3) lack of process." *Wright v. Riveland*, 219 F.3d 905, 913 (9th Cir. 2000) (citing *Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993)).

To the extent Plaintiff challenges the procedural adequacy of CDC inmate grievance procedures, his Second Amended Complaint fails to state a due process claim. *See* 28 U.S.C. § 1915A(b)(1); *Resnick*, 213 F.3d at 446. This is because the Ninth Circuit has held that prisoners have no protected *property* interest in an inmate grievance procedure arising directly from the Due Process Clause. *See Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (finding that the due process clause of the Fourteenth Amendment creates "no legitimate claim of entitlement to a [prison] grievance procedure"); *accord Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (1995); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

////

In addition, Plaintiff has failed to plead facts sufficient to show that any named prison official deprived him of a protected *liberty* interest by allegedly failing to respond to his prison grievances in a satisfactory manner. While a liberty interest can arise from state law or prison regulations, *Meachum*, 427 U.S. at 223-27, due process protections are implicated only if Plaintiff alleges facts to show that Defendants: (1) restrained his freedom in a manner not expected from his sentence, and (2) "impose[d] atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Neal v. Shimoda*, 131 F.3d 818, 827-28 (9th Cir. 1997). Plaintiff pleads no facts to suggest how the allegedly inadequate review and consideration of his inmate grievances amounted to a restraint on his freedom not contemplated by his original sentence or how they resulted in an "atypical" and "significant hardship." *Sandin*, 515 U.S. at 483-84.

It is clear that Plaintiff has failed to correct any of the deficiencies of pleading identified in the Court's previous Orders. Thus, the Court finds that Plaintiff's Second Amended Complaint must be **DISMISSED** for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Because it does not appear "at all possible that the plaintiff can correct the defect(s)" of his pleading, further leave to amend is **DENIED** as futile. *See Lopez*, 203 F.3d at 1130-31; *Cahill*, 80 F.3d at 339..

## IV. Conclusion and Order

For all the reasons set forth above, **IT IS ORDERED** that:

(1) Plaintiff's Motions to Proceed IFP pursuant to 28 U.S.C. § 1915(a) [Doc. Nos. 17, 21] are **GRANTED**.

(2) The Acting Secretary of California Department of Corrections, or his designee, is ordered to collect from Plaintiff's prison trust account the $10.00 initial partial filing fee, *if that amount is available on account at the time this Order is executed*, and in any event, to forward the balance of the $250 filing fee owed in this case by collecting monthly payments from Plaintiff's trust account in an amount equal to twenty percent (20%) of the preceding month's income credited to the account and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL

PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

(3) The Clerk of the Court is directed to serve a copy of this Order on James Tilton, Acting Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California, 94283-0001.

**IT IS FURTHER ORDERED** that:

(4) Plaintiff's Second Amended Complaint [Doc. No. 29] is **DISMISSED** for failing to state a claim and without further leave to amend pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Plaintiff is further notified that this dismissal may later be counted as a "strike" against him pursuant to 28 U.S.C. § 1915(g).[2]

The Clerk shall close the file.

DATED: 10/10/06

**HON. MARILYN L. HUFF**
United States District Judge

---

[2] 28 U.S.C. § 1915(g) provides that "[i]n no event shall a prisoner bring a civil action or appeal ... under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) ("Pursuant to § 1915(g), a prisoner with three strikes," *i.e.*, prior federal cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on grounds that they were frivolous, malicious, or failed to state a claim, "cannot proceed *IFP*.").